IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ARCADE JOSEPH COMEAUX, JR., PRO SE, § <br> TDCJ-CID # 841331 § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JARON BROOM, et al., § <br> § <br> Defendants. § | 2:11-CV-00110 |

**REPORT AND RECOMMENDATION OF PARTIAL DISMISSAL**

Plaintiff ARCADE JOSEPH COMEAUX, JR., acting *pro se* and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against numerous defendants and requests permission to proceed in forma pauperis. Plaintiff has accumulated three "strikes" under the Prison Litigation Reform Act and is barred from proceeding in forma pauperis unless his claims meet the exception to that prohibition, *i.e.*, that his claims contain facts showing he was in imminent danger of serious physical injury at the time he filed his lawsuit. 28 U.S.C. 1915(g). Plaintiff has conditionally been allowed to proceed under the subsection (g) exception.

By his Complaint, plaintiff claims that, in August of 2010, defendants NASH, WOODRUFF, GARIEPY, and BROOM beat him and raped him with a riot baton, and have subjected him to continuing threats of harm or death. In connection with the continued threats of harm, plaintiff says that, defendant CLARK chose defendants WOODRUFF and BROOM to be part of a four-man transport team to take plaintiff to the airport on or about September 27, 2010,

and that CLARK made that choice "for intimidation and putting COMEAUX in harms way." Plaintiff says WOODRUFF put a loaded 12 gauge shotgun to COMEAUX's head while they were in the van and GROOM began hitting the brakes hard and stomping the gas to make the shotgun go off, all while WOODRUFF talked about plaintiff's rape allegation. Plaintiff states that, when they got to the airport and were joined by defendant CLARK, WOODRUFF pushed plaintiff down while they were walking to the terminal and CLARK instructed them to carry plaintiff rather than use the wheelchair provided by airport personnel. At a later point, plaintiff says they fastened his handcuffs too tight and told him they'd be waiting when he got back.

Plaintiff asserts various other claims against the remaining defendants.

Plaintiff also requests injunctive relief in the form of an order that defendants not return plaintiff to the Clements Unit, not give him a "retaliatory" transfer from the Polunsky Unit, that defendants be restrained "from destroying any video tapes," that plaintiff's "10-approved-visitor" be placed back on plaintiff's visit list; and that plaintiff be awarded $500,000.00 in compensatory damages from defendants GROOM, WOODRUFF, CLARK, GARIEPY, and NASH, jointly and severally; $25,000.00 in compensatory damages from each of the remaining defendants; and an award of $2,000,000.00 in punitive damages from each defendant and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff claims[3] defendants RICK THALER, TDCJ-ID[4], JOHN ADAMS[5], TASHA JAMES, and TTUHSC[6] implemented the exact-cite system for inmates in Administrative Segregation which plaintiff claims limits inmates' access to legal material; in particular, plaintiff claims inmates can be denied access to books without a disciplinary hearing for having damaged a book.  Plaintiff also claims medical exams are conducted or discussed on the run outside the cells without regard to doctor/patient privacy; injuries are not treated with hot or cold packs and inmates with asthma problems are not taken to the infirmary unless the inmate's condition meets certain guidelines.  Plaintiff complains inmates in Administrative Segregation can be punished

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] Pgs. 26-27 of Complaint.

[4] The Court notes the Texas Department of Criminal Justice, Institutional Division, (TDCJ-ID) was succeeded by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

[5] Plaintiff did not name John ADAMS as a defendant in this cause.

[6] Plaintiff did not name TTUHSC as a defendant in this cause.

by a Unit Administrative Segregation Committee "without due process of law."[7]

Plaintiff claims one or more unnamed persons in the unit mailroom have secretly placed him on mail restriction and withheld his mail up to forty days without notice[8].

Plaintiff claims defendant VINSON deprived him of his property without due process when she failed or refused to return property that had been stored when he left for a bench warrant on September 27, 2010 and destroyed other property that had been confiscated[9].

Plaintiff claims defendants KEETON-DAVIS, WILKINS, and PATEL responded with deliberate indifference to plaintiff's serious medical need in the wake of his rape and beating and when his water was turned off for seven days and he was placed on foodloaf for seventeen days[10].

Plaintiff claims defendant BURGE failed to properly investigate or report plaintiff's rape claim and destroyed the evidence plaintiff gave him[11].

Plaintiff claims defendants NASH and WOODRUFF discriminated against plaintiff by using racial epithets while beating and raping him[12].

Plaintiff claims defendant LANSFORD denied plaintiff a "state-created right to an

---

[7] Pgs. 26-27 of Complaint.

[8] Pgs. 25-26 of Complaint.

[9] Pgs. 24-26 of Complaint.

[10] Pgs. 23-24 of Complaint.

[11] Pg. 22 of Complaint.

[12] Pg. 22 of Complaint.

approved 10-person visiting list and weekly visits" because of racial animus[13] [14].

Plaintiff is not eligible to proceed *in form pauperis* because he has at least three strikes under the Prison Litigation Reform Act. An exception to that bar exists <u>only</u> <u>if</u> plaintiff is in imminent danger of serious physical injury.

Plaintiff was permitted to conditionally proceed with this civil action despite plaintiff's long-established pattern of abusing the privilege of pauper status[15] because of the allegations of imminent danger of serious physical injury based upon his allegation of repeated serious physical abuse by certain officers/officials. This limited exception provided in subsection (g) for imminent danger of serious physical injury operates a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future serious physical injury at the hands of his jailors is not entirely without judicial remedy to prevent such injury.

However, the imminent danger of serious physical injury must be ongoing and exist at the time of filing the complaint or appeal; allegations of past harms or dangers do not suffice. *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998). Further, the inmate must have exhausted administrative remedies for those matters connected to his claim. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12, (2002) (exhaustion requirement "applies to all inmate suits about prison life, whether [those suits] involve general circumstances or particular episodes, and whether [those suits] allege excessive force or some other wrong"); *Booth v. Churner,* 532

---

[13] The Court notes the visitation restrictions may be the result of an incident where plaintiff stabbed his wife and the father of another prisoner who came to her aid, using a 12 inch rod fashioned from the handle of a mop bucket during a visit in 1999 at the Jester II Unit visitation room. *See Comeaux v. Cockrell*, Civil Action No. H-01-1670 (S.D. Tex.) (habeas action challenging disciplinary cases for the two stabbings) (at Docket Entry No. 16).

[14] Pg. 22 of Complaint.

[15] *E.g*., cause no. 4:00-CV-03812 (S.D. Tex, Houston Div.); appellate case no. 01-20584 in the U.S. Court of Appeals for the Fifth Circuit; cause no. 4:01-CV-4264 (S.D.Tex., Houston Div.); appellate case no. 01-20444 in the U.S. Court of Appeals for the Fifth Circuit.

U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958, (2001) (mandatory exhaustion requirement must be strictly observed "regardless of the relief offered through administrative procedures").

Therefore, the alleged August 2010 rape and beating plaintiff claims he suffered before his transport to Montgomery County would not be, standing alone, sufficient to bring him within the subsection (g) exception, nor would the September 2010 abuse he alleges he suffered on the way to the airport or at the airport itself. Instead, these incidents, coupled with the subsequent threats plaintiff alleges the defendants made that these assaults will be repeated, all of which must be accepted without proof at this stage of the proceeding, arguably constitute a showing of imminent danger of serious physical injury.

Consequently, at this pre-answer stage of the case, if this case continues *in forma pauperis*, plaintiff's allegations of past physical abuse by NASH, WOODRUFF, GARIEPY, and BROOM, as well as the claim that defendant CLARK knowingly facilitated further abuse and threats, together with plaintiff's allegations of threats to repeat that abuse will be treated as providing the factual basis for the imminent danger of serious physical injury exception. All of plaintiff's other allegations about visitors, law library property, medical exams, etc. against other defendants, *supra*, do not show imminent danger of serious physical injury at the time this lawsuit was filed.

To allow plaintiff to include claims against additional defendants based on actions which did not place him in imminent danger of serious physical injury at the time he filed the instant lawsuit would defeat the purposes of the subsection (g) filing restriction and effectively make a mockery of the three-strikes limitation on pauper status for abusive prisoner litigants. For that reason, all of plaintiff's claims, except the specific claims of serious physical abuse and threats

to repeat such abuse identified above, should be dismissed. *Accord, McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (an inmate's right to proceed under the subsection (g) exception "must be limited to imminent danger claims that have been properly exhausted."); *Stine v. Federal Bureau of Prisons*, No. 11-CV-00109-WJM-CBS, 2012 WL 882424, at *11 (D. Colo. Feb. 10, 2012); *contra, Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007).

The Court's ruling, at this stage, that plaintiff's damages claims against the five (5) named defendants are to be allowed to proceed under the "imminent danger" exception is without prejudice to defendants' asserting any applicable defense to those claims or to whether they qualify for the exception. At this stage of the proceedings, those claims are merely determined to survive the statutorily required screening by the Court. See 28 U.S.C. 1915 and 42 U.S.C. 1997(e).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that, with the exception of plaintiff's claims of the August 2010 and September 27, 2010 instances of serious physical abuse and threats to repeat such abuse by defendants NASH, WOODRUFF, GARIEPY, BROOM, and CLARK, all of plaintiff's remaining claims be DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

An Order to Answer has previously issued to defendants NASH, WOODRUFF, GARIEPY, BROOM, and CLARK.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of September, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).