IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ARCADE JOSEPH COMEAUX, JR., PRO SE, §
TDCJ-CID # 841331 §
　§
　Plaintiff, §
　§
v. § 2:11-CV-00110
　§
JARON BROOM, et al., §
　§
　Defendants. §

**ORDER OF PARTIAL DISMISSAL**

Plaintiff ARCADE JOSEPH COMEAUX, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justices, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against twenty-six defendants employed by or otherwise associated with the Texas Department of Criminal Justice and has been granted permission to proceed in forma pauperis.

On September 14, 2012, a Report and Recommendation was issued by the United States Magistrate Judge recommending that, with the exception of plaintiff's claims of the August 2010 and September 27, 2010 instances of serious physical abuse and threats to repeat such abuse by defendants NASH, WOODRUFF, GARIEPY, BROOM, and CLARK, all of plaintiff's remaining claims be dismissed without prejudice to refiling with prepayment of the filing fee.

Plaintiff filed his Objections on September 28, 2012. By his Objections, plaintiff challenges the Magistrate Judge's conclusion that the exception to the PLRA's three-strikes bar contained in 28 U.S.C. § 1915(g) did not extend to claims against additional defendants based on actions which did not place him in imminent danger of serious physical injury at the time he filed

his lawsuit. *Accord, McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (an inmate's right to proceed under the subsection (g) exception "must be limited to imminent danger claims that have been properly exhausted."); *Stine v. Federal Bureau of Prisons*, No. 11-CV-00109-WJM-CBS, 2012 WL 882424, at *11 (D. Colo. Feb. 10, 2012); *contra, Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Nevertheless, allowing an inmate to attach additional claims about matters which did not placed him in imminent danger of serious physical injury at the time he filed suit would render the three-strikes provision meaningless and would defeat the clear purpose of the three-strikes bar.

Plaintiff also vigorously argues, in part, that rape, assault, and obstruction of justice are not a condition of confinement. Plaintiff argues the Prison Litigation Reform Act applies only to prisoner suits about conditions of confinement, such as overcrowding, heat, light, food, etc. Plaintiff is wrong. The Prison Litigation Reform Act applies to every civil action or appeal in a civil action filed by a prisoner. 28 U.S.C. § 1915(a)(2), (g).

Plaintiff argues the Magistrate Judge concluded plaintiff was presently denied visitors because he had previously stabbed his wife and the father of another prisoner during visitation in 1999. The Report and Recommendation shows the Magistrate Judge did not reach that conclusion. He simply noted in passing that plaintiff had not explained why he had been denied visiting privileges but that the previous stabbing was a possibility. In any event, the relevant consideration was that plaintiff had not alleged any fact(s) showing the restriction on his visitation, which plaintiff alleged was a product of racial animus, placed him in imminent danger of serious physical injury.

Plaintiff complains that other claims concerning his food, his water, medical care, access to legal materials, property confiscations, and mailroom problems, as well as other far less serious

claims, were dismissed; however, the facts plaintiff provided did not show they or any one of them placed him in imminent danger of serious physical injury at the time his complaint was filed.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that with the exception of plaintiff's claims of the August 2010 and September 27, 2010 instances of serious physical abuse and threats to repeat such abuse by defendants NASH, WOODRUFF, GARIEPY, BROOM, and CLARK, all of plaintiff's remaining claims be DISMISSED WITHOUT PREJUDICE TO REFILING WITH PREPAYMENT OF THE FILING FEE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.

It is SO ORDERED.

Signed this the _____4th_____ day of October, 2012.

MARY LOU ROBINSON
United States District Judge